CAHN BELT & CO. v. OLDAG.

(Court of Civil Appeals of Texas.   Nov. 23, 1910.)

PLEADING (§ 236*)—APPEAL AND ERROR (§ 959*) — AMENDMENT OF ANSWER — DISCRETION OF COURT.

The statute providing that no amendment shall be filed after announcing ready for trial is directory, leaving it to the discretion of the court as to whether such amendment may be filed, which is reviewable only in cases of abuse.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601; Dec. Dig. § 236;* Appeal and Error, Cent. Dig. §§ 3825–3833; Dec. Dig. § 959.*]

Appeal from Austin County Court; C.· G. Krueger, Judge.

Action on account by Cahn Belt & Company against Henry Oldag. Judgment for defendant, and plaintiff appeals. Affirmed.

Bell, Johnson, Matthaei & Thompson, for appellant. C. C. Glenn, for appellee.

KEY, C. J. This was a suit by appellant against appellee upon a verified account, tried before the court without a jury, and judgment rendered for the defendant.

. The case went to trial upon a general denial which was not sworn to. The plaintiff put in evidence its verified account, and when the defendant was sworn as a witness and started to give testimony denying the correctness of the account, the plaintiff objected because he had not in his answer denied that any item of the account was correct. Thereupon, at the suggestion and by the permission of the court, the defendant withdrew his announcement of ready, and filed an amended answer in which he denied, under oath, the correctness of the account, and the action of the trial court in permitting that to be done is assigned as error.

Notwithstanding the fact that the statute declares that no amendment shall be filed after announcing ready for trial, the Supreme Court has held that the statute referred to is directory, and that trial courts have the discretion to permit such pleas to be filed. That doctrine is now an established rule of practice, and we see no reason why cases of this kind should be excepted from it. Of course, the discretion referred to is subject to review, but in the case at bar we fail to find any abuse of that discretion, and overrule the assignments which present that question.

The other questions in the case have been duly considered and are decided against appellant.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.